(No. 3170—

Nancy Tranchita, Amelia Paris and Tony Tranchita (aged 10 years), Angelina Tranchita (aged 9 years), and Jack Tranchita (aged 6 years), Minors, By Nancy Tranchita, Their Next Friend, Claimants, vs. State of Illinois, Respondent.

*Opinion filed February 1, 1939.*
*Rehearing denied April 12, 1939.*

Michael R. Durso and Simon T. Sutton, for claimant.

Otto Kerner, Attorney General; Murray F. Milne, Assistant Attorney General, for respondent.

Mr. Justice Yantis delivered the opinion of the court:

Claimant Nancy Tranchita is the mother of Frank Paris, Deceased; Amelia Paris is the latter's sister, and Tony Tranchita, Jack Tranchita and Angelina Tranchita are half-brothers and half-sister respectively of said Frank Paris.

The latter was a member of Company A, 132nd Infantry of the Illinois National Guard, and on August 12, 1937 was engaged in field maneuvers with his regiment near Rockford, Illinois. He was riding on a convoy truck with eight or nine other men. At a sharp curve and descent in the roadway and because of the condition of the brakes on the truck, the incline and the sharp turn, the driver of the truck lost control, causing the truck to side-swipe the supports of a bridge over which they were then passing. Private Paris was seated facing the rear of the truck, with his left foot on the seat and the right foot on the floor. The impact of the truck striking the bridge caused him to lose his balance and his left leg ex-

tended outside of the truck and was crushed between the right side of same and the bridge supports. Immediate first aid was applied by the medical officer of the 129th Infantry and he was taken by ambulance to St. Anthony's Hospital in Rockford where, according to the Adjutant General's report, everything possible was done for him, but he died within a few hours as a result of such injury. The Medical Board's report shows that the accident occurred in the line of duty and was not due to any misconduct on the soldier's part. The Coroner's verdict in the case contains the following:

"We, the jury, find that the driver of the truck was not competent, not familiar with the vehicle and recommend that in the future all trucks used in Army War Game Maneuvers have drivers familiar with their duties and that the equipment be kept in first class condition." '

It is apparent from the record that a claim under the provisions of the Military and Naval Code (Ch. 129, Sec. 143, Smith-Hurd Ill. Rev. Stat., 1935) is proper. Such section reads as follows:

"In every case where an officer or enlisted man of the National Guard or Naval Reserve shall be injured, wounded or killed while performing his duty as an officer or enlisted man in pursuance of orders from the Commander-in-Chief, said officer or enlisted man, or his heirs or dependents, shall have a claim against the state for financial help or assistance, and the State Court of Claims shall act on and adjust the same as the merits of each case may demand."

Amelia Paris, the adult sister of Frank Paris, and Nancy Tranchita individually as his mother, and also as next friend for the three minor children, seek an award of Four Hundred Forty ($440.00) Dollars for burial expenses incurred for the deceased, and a further award of Ten Thousand ($10,000.00) Dollars as compensation for the loss to their means of support and further education. Two months prior to the time of his death Frank Paris became employed in the Presbyterian Hospital at Chicago, Illinois, at the rate of Sixty ($60.00) Dollars per month, and was so employed at the time of his death. All of the claimants, the deceased, Frank Paris, and his stepfather lived together in Chicago. Frank Paris was born July 21, 1918 and was never married. His father is dead. His stepfather, Andrew Tranchita, the daughter, Amelia Paris, and the deceased, Frank Paris, were all employed at the Presbyterian Hospital in Chicago. The stepfather earned approximately One Hundred ($100.00) Dollars per month and the sister approximately Fifty ($50.00) Dol-

lars per month. They and the brother gave their money to the mother and she used it to pay the rent, light and gas bills, food, clothing, medicine and other family expenses. Mrs. Tranchita testified that sometimes she gave her son and daughter back Five ($5.00) Dollars that they could use for themselves to buy such clothes as they might desire.

In order that the son, Frank Paris, might help contribute to the family earnings, he was taken out of High School six months before time for him to graduate, and the earnings which he and his sister and stepfather contributed to the family, in the total sum of Two Hundred Ten ($210.00) Dollars per month, was expended for the general maintenance of the family of seven. Presuming that he received his one-seventh share of the benefits thereof, his surplus contribution to the other members of the family would be Thirty ($30.00) Dollars per month. Whatever right to an award exists in favor of claimants is by virtue of the aforesaid provisions of the Military and Naval Code of Illinois. No hard and fast rule exists for determining what amount should be allowed. In certain of these cases the court has seen fit to take as a guide, but not as a fixed rule, the provisions of the Illinois Workmen's Compensation Act, in determining what payment would be reasonable and customary for the loss sustained. *Section 7 (c)* of that Act provides:

"Where the deceased leaves no widow or children whom he was under legal obligation to support, but leaves a parent, child or children who at the time of the injury were partially dependent upon his earnings, then the amount of compensation to be paid for an injury to such person resulting in the latter's death, shall be such proportion of a sum equal to four times the average annual earnings of the employee as such dependency bears to total dependency, but not less in any event that $1,000.00 and not more in any event than $3,750.00. Any compensation payments other than necessary medical, surgical or hospital fees shall be deducted in ascertaining the amount payable on death."

If the deceased had been an employee of the State, and had suffered the injuries complained of while so employed, no award in excess of the minimum sum of One Thousand Four Hundred Forty ($1,440.00) Dollars would have been allowable.

Considering what would be a proper award in this case had the deceased been an employee of the State, and from a consideration of all the facts appearing in the record, the court finds that no award in excess of One Thousand Five

Hundred ($1,500.00) Dollars would be justified herein, as the proportionate part of the earnings received by the claimants from the wages of the deceased were considerably less than the amount required for such an award. An award is hereby made in favor of claimants in the total sum of One Thousand Five Hundred ($1,500.00) Dollars, for loss of services due to the death of said Frank Paris. Again guided by the rule in compensation cases, no additional allowance is made for the funeral expenses incurred by his family for deceased. As the record shows that Amelia Paris was not receiving any support from deceased, but was, like her stepfather and the deceased, paying her own share of such household expense, and contributed to the care and support of the other members of the household, the award herein is made payable to Nancy Tranchita individually and as next friend for Tony Tranchita, Angelina Tranchita and Jack Tranchita, minor complainants.